## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 31 2015, 8:40 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

---

ATTORNEY FOR APPELLANT

Jane H. Conley
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General

Katherine Modesitt Cooper
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

David Rabinowitz,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

December 31, 2015

Court of Appeals Case No.
49A04-1507-CR-788

Appeal from the Marion Superior Court

The Honorable Jeffrey Mendes

Trial Court Cause No.
49G05-1410-F5-46086

**Vaidik, Chief Judge.**

# Case Summary

Following an altercation with an elderly woman with whom he was living, David Rabinowitz was angry and swinging a baseball bat when the elderly woman's grandson, Anthony Blunk, arrived on the scene and tried to confront Rabinowitz. Rabinowitz struck Blunk with the baseball bat, breaking his arm. On appeal, Rabinowitz challenges his convictions for Level 5 felony battery, arguing that the evidence is insufficient to prove that he had the requisite intent. Finding sufficient evidence to support that Rabinowitz knowingly or intentionally struck Blunk in an angry manner causing serious bodily injury, we affirm his convictions.

# Facts and Procedural History

In July 2014, Harold Bullock, a neighbor of an elderly woman named Beulah Rogers, drove his car up to Rogers' house in Indianapolis and found David Rabinowitz on Rogers' front porch, swinging a baseball bat, mad, trying to get in Rogers' front door. Once Bullock was on the porch, he learned that Rogers and Rabinowitz had been in an argument, and Rogers had made Rabinowitz leave after he "tried to swing a bat on her." Tr. p. 11. Rabinowitz eventually left the porch and walked away in the direction of a nearby gas station, and then Rogers' grandson, Anthony Blunk, arrived at Rogers' house, where he was living and where Bullock told Blunk what had just happened.

[3]     Thereafter, Blunk went to confront Rabinowitz about "what [Rabinowitz] was doing to [Blunk's] grandma." *Id*. at 17. Blunk and Rabinowitz began to argue, and "[t]hat's when the bat started getting swung." *Id*. at 18. Rabinowitz "went to hit [Blunk] in the head with the baseball bat and [Blunk] put [his] arm up and it broke [his] arm." *Id*. at 32. Then Blunk, being chased by Rabinowitz, ran back to his and Rogers' house to get a child-sized wooden bat, which he began "swinging wildly." *Id*. at 33. Thereafter, Blunk went to the hospital to receive treatment for his broken arm and other injuries. Detective Russell O'Connor of the Indianapolis Metropolitan Police Department met with Blunk and Bullock, and both identified Rabinowitz in six-person photo arrays.

[4]     The State charged Rabinowitz with Count I, battery resulting in serious bodily injury as a Level 5 felony; and Count II, battery by means of a deadly weapon as a Level 5 felony.[1] Following the bench trial, the trial court found Rabinowitz guilty of both counts and merged Count II into Count I. Thereafter, the trial court sentenced him to four years, with twenty-two days served and seven credit days earned, 1431 days suspended, and two years on probation. *See* Appellant's App. p. 17. Rabinowitz now challenges his Level 5 felony battery convictions.

---

[1] Rabinowitz was also charged with attempted battery by means of a deadly weapon as a Level 5 felony, but this count was ultimately dismissed and is not relevant to this appeal.

# Discussion and Decision

[5] On appeal, Rabinowitz contends that the evidence is insufficient to establish that he had the requisite intent to support the battery convictions. Specifically, he argues as follows: "The evidence does not establish beyond a reasonable doubt that Rabinowitz hit Blunk for any reason other than as a response to Blunk's aggression." Appellant's Br. p. 7. When reviewing the sufficiency of the evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the verdict. *Moore v. State*, 27 N.E.3d 749, 754 (Ind. 2015). Reviewing courts should not assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id*. Convictions should be affirmed unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id*.

[6] In order to convict Rabinowitz of Level 5 felony battery, the State had to prove that he knowingly or intentionally touched another person in a rude, insolent, or angry manner that resulted in serious bodily injury or was committed with a deadly weapon. *See* Ind. Code § 35-42-2-1(b), (f). Here, eyewitness Bullock testified that Rabinowitz was the initial aggressor and that he observed Rabinowitz strike Blunk several times with a baseball bat. *See* Tr. p. 17, 24-25. Blunk, the victim, testified that he first tried to talk to Rabinowitz about what had happened with Rogers and that Rabinowitz swung the baseball bat at him, breaking his arm. *Id*. at 32.

While we acknowledge that the evidence presented at trial was inconsistent and confusing, with multiple witnesses testifying as to their differing versions of the events in question, the trial court chose to credit the evidence that Rabinowitz was the aggressor and struck Blunk with a baseball bat, causing a broken arm. *See* Tr. p. 128. This Court will not assess witness credibility or reweigh the evidence. *See Moore*, 27 N.E.2d at 754. We find the evidence is sufficient to support Rabinowitz's convictions.[2]

Affirmed.

Bailey, J., and Crone, J., concur.

---

[2] The Argument portion of Rabinowitz's appellate brief includes a subsection titled "Case filed on false information," in which he alleges that Blunk provided a different version of the events to Detective O'Connor than he testified to at trial. *See* Appellant's Br. p. 9-10. But Rabinowitz does not develop this argument or support it with authority, and the brief subsection ultimately concludes with the assertion that choosing to believe testimony "as unreliable as Blunk's" was an abuse of discretion. *Id*. at 10. Thus, we find that this is really just a continuation of his sufficiency-of-the-evidence argument.